UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL STOJANOVIC, JR.,                                          Case No. 16-cv-1292-pp

        Plaintiff,

  v.

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S
REQUEST TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2)**

---

On September 27, 2016, the plaintiff filed a complaint requesting that the court review the denial of his Social Security Supplemental Security Income and Disability Insurance claims. Dkt. No. 1. Along with the complaint, the plaintiff filed an affidavit in support of his motion that the court allow him to proceed with the case without paying the filing fee. Dkt. No. 2. In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

In the affidavit, the plaintiff indicates that he is not married. He does not state whether he is employed, but states that he receives no monthly salary, and has inserted "N/A" in the places where is supposed to list the name of his employer. Id. at 1. He indicates that he receives $194 in food stamps each month. Id. at 2. He indicates that he has no monthly expenses, that he does

not own a car or a home, and that he has no other property of value. Id. at 3. He lives with his 84-year-old mother, who supports them both on her $1,010 of Social Security benefits each month. Id. at 4.

Thus, the plaintiff's two-person household has a net income of $1,204 per month and no additional assets. The court concludes from this information that the plaintiff has demonstrated that he cannot pay the full amount of the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993).

A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Circ. 2013).

In his complaint, the plaintiff asserts that the ALJ abused his discretion, that his decision is not supported by substantial evidence, and that it contains harmful errors of law. In particular, the plaintiff alleges that the ALJ (1) failed to present a moderate limitation hypothetical, (2) erred in discounting the plaintiff's credibility; (3) improperly refused to allow third-person testimony; and (4) erred in concluding that there were significant jobs in the economy which the plaintiff could perform.

Based on the allegations of the complaint, the court finds that the plaintiff has stated a claim that the Commissioner's decision denying the plaintiff's application for benefits is not supported by substantial evidence, or is contrary to law. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **ORDERS** that the plaintiff's motion for leave to appeal *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

Dated in Milwaukee, Wisconsin this 3rd day of October, 2016.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**